IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

    Plaintiff,    No. 2:12-cv-1686 KJM CKD PS

  vs.

CITY OF SACRAMENTO, et al.,

    Defendants.    FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The action was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        The court takes judicial notice of the proceedings in United States v. Ingram, 2:10-cr-0014 MCE-1 (E. D. Cal.) and Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD. See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). In the criminal case, plaintiff was declared incompetent and un-restorable on the basis of mental health issues. See United States v. Ingram, 2:10-cr-0014 MCE-1, Dkt. Nos. 32, 39, 40. In the civil action, plaintiff was represented by counsel, and a guardian ad litem was appointed for him following the declaration of incompetence in the criminal action.

1

1  See Ingram v. Grant Joint Union High School Dist., et al., 2:08-cv-2490 KJM DAD, Dkt Nos.
2  87-88.
3             In this action, plaintiff is neither represented by counsel nor has a guardian ad
4  litem been appointed.  It appears from this pleading that there has been no change in his mental
5  health status since the filing of the declaration of incompetence in the criminal case.  Indeed, the
6  complaint acknowledges that plaintiff is "mentally disabled." (Dkt. No. 1 at 1.)  An incompetent
7  person can only proceed in federal court if represented by counsel.  See Osei-Afriyie v. Med.
8  College of Penn., 937 F.2d 876, 883 (3d Cir. 1991) ("It goes without saying that it is not in the
9  interest of minors or incompetents that they be represented by non-attorneys.") (citation omitted),
10 quoted approvingly in Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (holding
11 that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a
12 lawyer"); see also William W. Schwarzer et al., Cal. Practice Guide: Fed. Civ. Proc. Before Trial
13 § 7:41 (The Rutter Group 2011) ("A nonattorney parent or guardian cannot bring a lawsuit or
14 defend an action in federal court on behalf of a minor or incompetent without retaining a
15 lawyer") (citations omitted).
16            In light of the above, IT IS HEREBY RECOMMENDED that:
17            1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) be DENIED, and
18            2. The action be DISMISSED WITHOUT PREJUDICE.
19            These findings and recommendations will be submitted to the United States
20 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
21 fourteen (14) days after being served with these findings and recommendations, plaintiff may file
22 written objections with the court.  The document should be captioned "Objections to Magistrate
23 ////
24 ////
25 ////
26 ////

1  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
2  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
3  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

 Dated: July 16, 2012

```
                                    _____
                                    CAROLYN K. DELANEY
                                    UNITED STATES MAGISTRATE JUDGE
```

CKD/5
ingram.1686.incomp.wpd

3